IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| ROGER BOYER FELT and<br>GERALDINE CLARK FELT,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>aka UNITED STATES, INTERNAL<br>REVENUE SERVICE, WELLS FARGO<br>BANK, N.A., a subsidiary of<br>WELLS FARGO & COMPANY, and<br>NANCY PHILLIPS, REVENUE<br>OFFICER,<br><br>      Respondents. | Case No. 2:06CV00433 DAK<br><br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION**<br><br><br>District Judge Dale A. Kimball<br>Magistrate Judge Brooke Wells |

_____

On April 25, 2006, Internal Revenue Service ("IRS") Revenue Officer Nancy Phillips issued an IRS Summons ("the Summons") to Wells Fargo Bank in Phoenix, Arizona requesting information on all bank accounts on which Petitioners were authorized depositors for the six-month period from October 1, 2005 to March 31, 2006.  See Docket No. 7, Exhibit 1.  The Summons stated that it was "exempt from notification requirements of third party summonses under [26 U.S.C.] § 7609.  The Taxpayer has no quash rights."  Id.  However, Petitioners became aware of the Summons and moved to quash it on May 30, 2006.  See Docket No. 1.

Although Petitioners did not properly serve the Attorney General of the United States, the Respondents waived proper service by filing a motion to dismiss for lack of subject matter jurisdiction on July 27, 2006.  Docket Nos. 6 & 7.  Respondents argued that this Court lacks

subject matter jurisdiction because the United States has not waived its sovereign immunity to allow a motion to quash the Summons.  To this motion, Respondents attached the Declaration of Nancy Phillips, wherein Revenue Officer Phillips testified that the Summons was issued to aid the IRS in collecting the outstanding assessed tax debt that Petitioners owe for the tax years ending December 31, 1996 to December 31, 2001.  See Docket No. 7, Ex. 1, ¶ 2.

Late in the evening on Friday August 11, 2006, Petitioners filed a motion to strike the Respondents' motion to dismiss and moved to postpone the hearing on this matter, which was scheduled for August 15, 2006 at 9:00 a.m.  This Court received these filings on the morning of Monday, August 14, 2006.  See Docket No. 10.  This Court denied Petitioners' motion to continue the hearing because the Petitioners' motion to strike sufficiently presented their reasons for opposing Respondents' motion to dismiss.  Thus, further delay in deciding this matter would not be justified.

Consequently, on August 15, 2006 at 9:00 a.m., this Court convened a hearing on the various motions pending before this Court.  The Petitioners appeared pro se, and Assistant United States Attorney Jared C. Bennett appeared on behalf of Respondents.  Since Respondents' motion asserted that this Court lacked subject matter jurisdiction, this Court elected to decide the jurisdictional questions prior to adjudicating the merits of Petitioners' motion to quash.  Both sides presented their arguments.  Based on the arguments and representations made at the hearing and in the parties' responsive filings, the undersigned recommends that the District Court dismiss this action for the reasons stated below.

Under 26 U.S.C. § 7602, the IRS has broad authority to issue summonses to determine, among other things, whether the IRS can collect an outstanding assessed tax debt.  Pursuant to

this summons authority, the IRS can issue summonses to third-party record keepers ("third-party summons"), including financial institutions, to determine whether a taxpayer has sufficient funds with which to pay his tax debt. 26 U.S.C. § 7602(a). When the IRS issues a third-party summons, the United States has waived its sovereign immunity to allow the taxpayer who is being investigated to file a motion to quash the third-party summons in federal district court if the taxpayer is "entitled to notice" under 26 U.S.C. § 7609(b)(2). However, if the IRS issues a third-party summons in aid of collection, the taxpayer is not entitled to notice. See 26 U.S.C. § 7609(c)(2)(D). "And if notice is not mandated, neither is a petition to quash authorized." Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999) (affirming dismissal of a motion to quash a third-party summons issued in aid of collection because United States did not waive its sovereign immunity for such an action); see also Pflum v. United States, No. 97-3040 (CA-10/DKS, Oct. 2, 1997) (same).

Petitioners' motion to quash must be dismissed because the Summons was issued to aid in the collection of an outstanding assessed tax debt the Petitioners owe for the tax years ending December 31, 1996 to December 31, 2001. Docket No. 7, Decl. of Nancy Phillips at ¶¶ 2-4; Ex. 1. Given that the Summons was issued in aid of collection, Petitioners were not entitled to notice of the issuance of the Summons under 26 U.S.C. § 7609(c)(2)(D). Since Petitioners were not entitled to notice, the United States has not waived its sovereign immunity for Petitioners' motion to quash. Consequently, the undersigned recommends that the District Court dismiss Petitioners' motion to quash with prejudice for lack of subject matter jurisdiction.[1]

---

[1] At the August 15, 2006 hearing, Petitioners appeared to argue that they had a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680. To the extent Petitioners raise such a claim, the undersigned recommends that it be dismissed since Petitioners

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23rd day of August 2006.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge

---

have failed to present any argument or evidence that they have exhausted their administrative remedies as to any purported claim under the FTCA. 28 U.S.C. § 2675.