IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROGER BOYER FELT and<br>GERALDINE CLARK FELT,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>aka UNITED STATES, INTERNAL<br>REVENUE SERVICE, WELLS FARGO<br>BANK, N.A., a subsidiary of<br>WELLS FARGO & COMPANY, and<br>NANCY PHILLIPS, REVENUE<br>OFFICER,<br><br>    Respondents. | Case No. 2:06CV00433 DAK<br><br><br><br><br><br><br><br><br>**ORDER ADOPTING REPORT AND**<br>**RECOMMENDATION**<br><br><br>District Judge Dale A. Kimball |

On April 25, 2006, Internal Revenue Service ("IRS") Revenue Officer Nancy Phillips issued an IRS Summons ("the Summons") to Wells Fargo Bank in Phoenix, Arizona requesting information on all bank accounts on which Petitioners were authorized depositors for the six-month period from October 1, 2005 to March 31, 2006. See Docket No. 7, Exhibit 1. The Summons stated that it was "exempt from notification requirements of third party summonses under [26 U.S.C.] § 7609. The Taxpayer has no quash rights." Id. However, Petitioners became aware of the Summons and moved to quash it on May 30, 2006. See Docket No. 1.

Although Petitioners did not properly serve the Attorney General of the United States, Respondents waived proper service by filing a motion to dismiss for lack of subject matter jurisdiction on July 27, 2006. Docket Nos. 6 & 7. In their memorandum in support of their motion to dismiss, Respondents argued that this Court lacks subject matter jurisdiction because

the United States has not waived its sovereign immunity to allow a motion to quash the Summons, which was issued to aid the IRS in collecting an outstanding tax debt assessed against Petitioners. To this motion, Respondents attached the Declaration of Nancy Phillips, wherein Revenue Officer Phillips testified that the Summons was issued to aid the IRS in collecting the outstanding assessed tax debt that Petitioners owe for the tax years ending December 31, 1996 to December 31, 2001. See Docket No. 7, Ex. 1, ¶ 2.

Late in the evening on Friday August 11, 2006, Petitioners filed a motion to strike the Respondents' motion to dismiss and moved to postpone the hearing on this matter, which was scheduled for August 15, 2006 at 9:00 a.m. Magistrate Judge Wells received these filings on the morning of Monday, August 14, 2006. See Docket No. 10. Magistrate Judge Wells denied Petitioners' motion to continue the August 15, 2006 hearing because the Petitioners' motion to strike sufficiently presented their reasons for opposing Respondents' motion to dismiss. Thus, further delay in deciding this matter would not have been justified. This Court agrees with Magistrate Judge Wells's decision not to grant Petitioners' motion to continue the hearing.

Consequently, on August 15, 2006 at 9:00 a.m., Magistrate Judge Wells convened a hearing on the Petitioners' and Respondents' pending motions. The Petitioners appeared pro se, and Assistant United States Attorney Jared C. Bennett appeared on behalf of Respondents. Since Respondents' motion asserted that this Court lacked subject matter jurisdiction, Magistrate Judge Wells elected to decide the jurisdictional questions prior to adjudicating the merits of Petitioners' motion to quash. Both sides presented their arguments. Based on the arguments and representations made at the hearing and in the parties' responsive filings, Magistrate Judge Wells recommended that this Court dismiss this action for lack of subject matter jurisdiction because

the United States has not waived its sovereign immunity to be hailed into court on a motion to quash the Summons, which was issued to aid the IRS in collecting an outstanding tax debt assessed against Petitioners.  Furthermore, to the extent Petitioners raise a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680, Magistrate Judge Wells also recommended that the FTCA claim be dismissed for lack of subject matter jurisdiction because Petitioners have failed to present any evidence that they have exhausted their administrative remedies as to any purported claim under the FTCA.  28 U.S.C. § 2675.

Petitioners objected to the Report and Recommendation on the grounds that Magistrate Judge Wells lacked authority to render judgment on this matter and that there was insufficient evidence to support the finding that an tax assessment existed against Petitioners.  Both arguments are meritless for the reasons stated in the United States' Response to Objections to Report and Recommendation.

After reviewing this case de novo, I hereby DISMISS this action in its entirety for lack of subject matter jurisdiction for the reasons stated in the Report and Recommendation.  Therefore, this case is CLOSED, and each party shall bear its own costs.

DATED this 5th day of October, 2006.

BY THE COURT:

_____
Dale A. Kimball, Judge
United States District Court

3